Filed 8/5/25  P. v. Wheeler CA2/6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA WHEELER,<br><br>    Defendant and Appellant. | 2d Crim. No. B314403<br>(Super. Ct. No. 20F-06062)<br>(San Luis Obispo County)<br><br>OPINION ON TRANSFER<br>FROM SUPREME COURT |

A jury found Joshua Wheeler guilty of four counts of forcible rape (Pen. Code,[1] § 261, subd. (a)(2)) and four counts of forcible sexual penetration (§ 289, subd. (a)(1)(C)).  As to each count, the jury found the victim was a minor 14 years of age or older.  The trial court sentenced Wheeler to a total term of 76 years in state prison.

In our prior opinion, we concluded Wheeler is not entitled to a new sentencing hearing under section 1170 as amended.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

(Stats. 2021, ch. 731, § 1.3.)  We also concluded that Wheeler is not entitled to a jury determination on imposing consecutive sentences under section 667.6, subdivision (d).  Our Supreme Court ordered that we vacate our decision and reconsider the cause in light of *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar I*), and *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).  Having done so, we affirm again.

## FACTS

Jane Doe is Wheeler's stepdaughter.  Wheeler is the biological father of Doe's five younger siblings.  They all lived together in Oceano.

Wheeler began touching Doe inappropriately when she was 13 or 14 years old.  By the time she was 16 years old, he was having intercourse with her weekly, then almost daily.  It happened in her bed at her home.  Doe froze during intercourse.  She had seen Wheeler being violent with her mother.  Doe said her mother left the home multiple times.  Her mother was in a psychiatric hospital from September 2018 to November 2019.  Wheeler looked after the family while her mother was gone.  Doe eventually told a counselor at her high school and Wheeler was arrested.

### *Sentencing*

At sentencing Wheeler's counsel argued for the low term: no force or threat of force was used, Wheeler had no prior felony offenses, and he was raised by a single mother.

The trial court found as aggravating factors that the victim was particularly vulnerable; that Wheeler's acts reflected a high degree of callousness; and, as "an overwhelming factor," that he took advantage of a position of trust or confidence.

The trial court rejected Wheeler's counsel's argument that Wheeler's lack of a prior felony conviction was a mitigating factor. The court found Wheeler's criminal history to be increasingly serious. The court acknowledged that Wheeler used duress rather than overt violence, but it did not find that to be mitigating under the circumstances.

The trial court sentenced Wheeler to the upper term of 11 years on each count for forcible rape (counts 1, 3, 4, and 5) and to the middle term of eight years on each count of digital penetration (counts 2, 6, 7, and 8). The court imposed consecutive terms on all counts for a total term of 76 years.

## DISCUSSION

### I. Resentencing Not Necessary

Wheeler contends he is entitled to be resentenced under section 1170, as amended by statute 2021, chapter 731, section 1.3.

Prior to its amendment, section 1170, subdivision (b) gave the trial court discretion in imposing the upper term. Section 1170, subdivision (b) now provides in part:

"(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting

an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense."

Here the trial court, not the jury, found the aggravating factors.  In *Lynch*, *supra*, 16 Cal.5th at page 768, our Supreme Court stated the violation of section 1170, subdivision (b)(2) is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all the aggravating facts relied upon by the trial court to justify an upper term sentence.

That is precisely what we concluded in our original opinion.  We stated:

"The evidence was essentially uncontradicted.  As Doe's stepfather, Wheeler held a position of trust.  Doe was particularly vulnerable.  She lived in the same house as Wheeler; her mother was absent from the home for substantial periods of time; she was afraid that Wheeler would molest her siblings; and she had seen Wheeler being violent.  Finally, Wheeler's acts reflected a high degree of callousness.  He molested Doe in her own home, often, and over a substantial period of time.

"There is no reasonable doubt that a jury would have found all the aggravating factors on which the trial court relied beyond a reasonable doubt.  We need not remand for sentencing."

*Lynch*, *supra*, 16 Cal.5th 730, provides no reason for us to change our conclusion.

4

*II. Personal Background Factors Moot*

Wheeler contends the amendment to section 1170, subdivision (b)(6) requires the trial court to consider factors in his personal background that support imposition of the lower term.

The amended portion of section 1170, subdivision (b)(6) provides in part:  "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] (A)  The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

Wheeler relies on his statement to the court at sentencing that he was raised by a single mother, so he did not have anyone to model being a father.

In rejecting Wheeler's argument, we stated:

"Being raised by a single mother does not come close to 'psychological, physical, or childhood trauma' within the meaning of section of 1170.  Many children are raised by single mothers, and they grow up to be moral and law-abiding adults who would not even think about sexually violating a child.  There is simply no link between being raised by a single mother and the propensity to molest children.

"Wheeler contends the matter should be remanded so that he could produce any evidence of trauma.  He makes no offer of proof that he has any such evidence.  If any such evidence existed, Wheeler would have produced it.  Even before the amendment to section 1170, the trial court could consider any circumstances in mitigation that reasonably related to the

5

defendant or the crime. (Cal. Rules of Court, rule 4.423(c).) A history of childhood trauma is powerful mitigation evidence. (*In re Lucas* (2004) 33 Cal.4th 682, 729.)

"In any event, a remand is not required where the record clearly indicates that the trial court would have reached the same conclusion even if it had been aware that it had such discretion. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Here, Wheeler, a mature adult, frequently sexually violated a child over a substantial period of time. The court cited three aggravating factors and no mitigating factors. This is simply not a low-term case, even if Wheeler could produce evidence of trauma."

*Salazar I*, *supra*, 15 Cal.5th 416, does not require a different result. In *Salazar I*, a jury found the defendant guilty of false imprisonment by violence and infliction of corporal injury on a person with whom he had a dating relationship. The trial court imposed the middle term. While his appeal was pending, subdivision (b)(6) was added to section 1170. The defendant demanded resentencing to the lower term. We declined to remand for resentencing.

Under *People v. Gutierrez*, *supra*, 58 Cal.4th 1354, the majority concluded that the record clearly indicated the trial court would have reached the same decision if it had been aware that it had discretion. (*People v. Salazar* (2022) 80 Cal.App.5th 453, 464) (*Salazar II*). Our Supreme Court disagreed with the majority's conclusion. The court pointed out that the defendant was diagnosed with schizoaffective disorder and had a history of paranoia, including hospitalization, since he was 10 years old. The court stated that the parties and the trial court all acknowledged that the defendant's "criminality appeared to be primarily bound up with his drug addiction and mental health

6

issues, and possibly the effects of losing his parents several years before the current offenses." (*Id.* at p. 427.) Our Supreme Court also noted that under the former law the trial court had the discretion to impose any term, but did not impose the upper term. The court determined that the record did not clearly indicate the sentencing court would have exercised its discretion to impose the same middle term. (*Id.* at pp. 427-428.)

Here none of the factors exist that caused our Supreme Court to remand in *Salazar I.* In sentencing Wheeler, the trial court found three aggravating factors and no mitigating factors. The court chose the high term. Wheeler presented no evidence of a mental illness. He was simply motivated by lust for a 14-year-old girl. *Salazar I* presents no reason for us to change our conclusion.

### III. Wheeler Suffered No Prejudice
### under Section 667.6, Subdivision (d)(1)

Wheeler contends the imposition of consecutive sentences violated his Sixth Amendment right to have a jury determine the factual findings that led to an increased sentence.

Section 667.6, subdivision (d)(1) provides in part: "A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve . . . the same victim on separate occasions." Section 667.6, subdivision (e)(1) lists rape in violation of section 261, subdivision (a)(2); and section 667.6, subdivision (e)(8) lists sexual penetration in violation of section 289, subdivision (a).

Wheeler cites *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*), for the proposition that any fact that increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. *Apprendi*

7

involved a state statute that provided for a sentence enhancement if a trial judge found that a defendant committed a crime for the purpose of intimidating a person or group on the basis of race.

Our Supreme Court rejected Wheeler's argument in *People v. Catarino* (2023) 14 Cal.5th 748. *Apprendi, supra*, 530 U.S. 466, does not apply to a determination to impose consecutive sentences. (*Ibid*.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

8

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.